# IN THE COURT OF APPEALS OF IOWA

No. 19-0104
Filed March 20, 2019

**IN THE INTEREST OF E.H.-H. and C.H.-H.,**
**Minor Children,**

**A.H., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker

Parry, District Associate Judge.

A mother appeals from the termination of her parental rights.  **AFFIRMED.**

Jessica R. Noll of Deck Law PLC, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Marchelle M. Denker of Juvenile Law Center, Sioux City, attorney and

guardian ad litem for minor children.

Considered by Doyle, P.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

In a detailed and well-reasoned decision, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2018).[1] We need not repeat the background facts as they are sufficiently documented in the juvenile court's ruling. In short, the children, E.H.-H., age ten, and C.H.-H., age eleven, were removed from their mother's care in June 2017. They were adjudicated children in need of assistance (CINA) on July 31. The termination of parental rights trial was held on October 23, 2018, where the evidence showed that after sixteen months of services, the mother still had not addressed her substance-abuse and mental-health issues, remained unemployed, and was dependent for housing on another unemployed person.

The mother appeals, claiming the State failed to prove the grounds for termination existed and termination of her rights is not in the children's best interests.

"We review proceedings to terminate parental rights de novo. We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them." *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) (citation omitted).

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We find termination proved under section 232.116(1)(f) because the children are more than four years old, were

---

[1] The fathers' rights were also terminated and they do not appeal.

adjudicated CINA, have been removed from the mother's custody for more than twelve consecutive months, and cannot be returned to the mother's custody at present.

The record does not support the mother's claims that she has addressed her substance-abuse and mental-health issues. The mother has a long-standing methamphetamine addiction and has been diagnosed with depression and methamphetamine-use disorder, severe. The mother had numerous substance-abuse and mental-health evaluations. She failed to follow through with treatment recommendations without valid excuse. While she claims she attends AA/NA meetings at least three times per week, she provided no documentation of her attendance. She claims to have visited a psychologist four to eight times in the last sixteen months but she did not sign a release for verification by her case manager. The mother testified she has been sober since March 14, 2018. However, she has not submitted to drug testing for months.

As observed by the juvenile court:

> The children have never been returned to the custody of either parent, and no trial home placement has taken place, for a period of approximately [sixteen] consecutive months. [E.H.-H.] cannot be returned to the custody of her father . . . due to his deportation and unknown whereabouts. The children cannot be returned to the custody of their mother . . . due to her ongoing unstable lifestyle, ongoing substance abuse and mental health issues, lack of stable housing and lack of financial resources sufficient to provide for herself and the children. There is clear and convincing evidence that these children would suffer further harmful effects if returned to parental custody at this time, nor could they be returned at any time in the foreseeable future as provided in Iowa Code section 232.102. As [the mother] admitted, she is in the same spot as she was a year ago—nothing has changed nor is likely to change if she were given additional time to participate in services.

We conclude termination and adoption is in the children's best interests because they were doing well in their relative placement where they feel comfortable and stable. The relatives have expressed their willingness and desire to adopt the two. As noted by the juvenile court, termination of the parent-child relationship "would not be detrimental to the children as the parent-child relationship these children have with their mother revolves around her drug usage and nomadicity." We affirm without further opinion. *See* Iowa Ct. R. 21.26(1) (a), (c), (d), (e).

**AFFIRMED.**